UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HENRY A. JONES, et al., | ) | 1:05-CV-0257-OWW-SMS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S MOTION |
| | ) | FOR THE APPOINTMENT OF COUNSEL |
| | ) | (DOC. 15) |
| v. | ) | |
| | ) | |
| DAVID MACHER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 22, 2005, Plaintiff filed a first amended complaint and entitled the document, in part, as a motion for the appointment of counsel. Plaintiff made no showing or argument in support of the request.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 109 S.Ct. 1814 (1989).

In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §

1  1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015 (9th Cir. 1990);
2  <u>Wood v. Housewright</u>, 900 F.2d 1332 (9th Cir. 1990). Without a
3  reasonable method of securing and compensating counsel, this
4  Court will seek volunteer counsel only in the most serious and
5  exceptional cases.
6      In the present case, the court does not find the required
7  exceptional circumstances. Even if it is assumed that Plaintiff
8  is not well versed in the law and that he has made serious
9  allegations which, if proved, would entitle him to relief, his
10 case is not exceptional. The Court is faced with similar cases
11 almost daily. Therefore, Plaintiff's request for the appointment
12 of counsel is denied.

14 IT IS SO ORDERED.

15 **Dated:   April 26, 2005**              **/s/ Sandra M. Snyder**
   icido3                              UNITED STATES MAGISTRATE JUDGE

2