UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, et al., | ) 1:05-CV-0257-OWW-SMS |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS TO ) DISMISS THE FIRST AMENDED |
| v. | ) COMPLAINT (DOC. 15) WITHOUT LEAVE ) AMEND AND TO DISMISS ACTION WITH |
| DAVID MACHER, et al., | ) PREJUDICE FOR FAILURE TO STATE A ) CLAIM |
| Defendants. | ) |

Plaintiff is a state prisoner proceeding pro se who filed a civil rights action pursuant to 42 U.S.C. § 1983 on February 23, 2005. By order filed on March 25, 2005, the Court dismissed Plaintiff's complaint with leave to amend. Pending before the Court is Plaintiff's amended complaint, filed on April 22, 2005.

I. Screening the Complaint

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

Review of the complaint filed by Plaintiff on April 22, 2005, reveals that Plaintiff seeks damages and injunctive relief based on alleged violations of Plaintiff's rights. Plaintiff

2

claims that in connection with criminal charges he faced in the Superior Court for Riverside County, Defendant David Macher, who was Plaintiff's counsel, violated Plaintiff's rights to due process, a fair trial, and the effective assistance of counsel by providing ineffective assistance of counsel, including removing jurors based on their race and thereby depriving Plaintiff of his right to an impartial jury, failing to raise Plaintiff's mental history, allowing perjured testimony, failing to call alibi witnesses, failing to cross-examine witnesses, failing to raise <u>Miranda</u> issues, failing to challenge a search warranted to call witnesses, and failing to withdraw as counsel because of a conflict of interest. It appears that Plaintiff is also complaining of the conduct of Detectives Gill and Silva, who appear to be law enforcement investigators, who allegedly used Plaintiff's mental illness to obtain a confession.

Although Plaintiff states in the complaint that no criminal charges are pending against him, in another location he states that he has not obtained transcripts that he needs to prosecute an effective appeal. Thus, it appears that Plaintiff's criminal case is still pending.

A. <u>Civil Rights Violation</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

3

To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Further, the statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by a plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

B. Color of State Law

In order to recover under § 1983, Plaintiff must allege and prove that Defendants acted under color of state law to deprive Plaintiff of a right secured by the Constitution or federal statute. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). It is established that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 317, 325 (1981); Rivera v. Green, 775 F.2d 1381, 1384 (9th Cir. 1985). Thus, it does not appear that the present allegations of the complaint

4

state a claim against Defendant Macher, whose conduct relates to representation of Plaintiff in a criminal action.

### C. Attack on Criminal Conviction

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Here, to the extent that Plaintiff is seeking damages for a past conviction, Plaintiff has not shown that his conviction has been reversed or expunged; thus, no claim pursuant to § 1983 is stated with respect to that conviction. To the extent that Plaintiff is attacking his conviction, his claim would generally be more appropriately brought in a habeas corpus proceeding. A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the

"legality or duration" of his confinement. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485, 93 S.Ct. 1827, 1833 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement and obtain injunctive relief. <u>See</u> <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42, 111 S.Ct. 1737, 1741-42 (1991); <u>Preiser</u>, 411 U.S. at 499, 93 S.Ct. at 1841; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Plaintiff may address his attack on his criminal conviction by way of a petition for writ of habeas corpus.[1]

If Plaintiff is seeking this Court to intervene in the state court criminal proceedings, Plaintiff is informed that generally the federal writ of habeas corpus will not extend to one awaiting trial unless special circumstances exist such that there is an absence of state processes effective to protect a federal right. <u>See</u> <u>Ex Parte Royall</u>, 117 U.S. 241, 245-254 (1886); <u>Fay v. Noia</u>, 372 U.S. 391, 420 (1963), <u>overruled in part by</u> <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977) and <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991). Further, it is established that federal courts will not interfere with pending state criminal proceedings unless the petitioner has exhausted all state court remedies with respect to the claim raised. <u>See</u> <u>Mannes v. Gillespie</u>, 967 F.2d 1310, 1311-

---

[1] The Court takes judicial notice of its docket in action number 1:05-cv-00265-OWW-LJO, <u>Jones v. United States</u>, which reveals that Plaintiff has filed a petition for writ of habeas corpus. However, the Court is not certain if that petition relates to the conviction of which Plaintiff complains in the complaint filed in the instant action.

6

1312 (9th Cir. 1992).

### D. Judicial Immunity

Judges and officers whose functions bear a close association to the judicial process are entitled to absolute judicial immunity from damage actions under 42 U.S.C. § 1983 for judicial acts taken within the jurisdiction of their courts. Demoran v. Witt, 781 F.2d 155, 156 (9th Cir. 1986). A judge loses judicial immunity for judicial acts only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. Shucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988). The factors relevant in determining whether an act is judicial "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349, 356-357, 362 (1978). Judicial immunity is not lost by allegations that a judge conspired with a third party. As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

The allegations of the complaint before the Court are somewhat unclear and do not unequivocally assert a claim against a judge of the pertinent Superior Court. However, to the extent that Plaintiff is complaining of the conduct of a judge in ordering a psychological examination, making rulings in his case, or failing to release transcripts, it appears that Plaintiff is complaining of actions or rulings made by a judge in a case before the respective court. Plaintiff has not alleged any facts

that would show that the actions or rulings made by the judge in connection with Plaintiff's case to which the judge was assigned were not within their jurisdiction. Thus, to the extent that Plaintiff is attempting to state a claim against the judge or judges involved in the rulings in his case, Plaintiff fails to state a claim.

### E. Prosecutorial Immunity

Plaintiff may be alleging that an unnamed prosecutor or prosecutors are liable for actions undertaken in their prosecutorial roles by presenting known false evidence. (Cmplt. at 31.)[2] Plaintiff does not identify the actors or state any specific facts regarding the evidence or any other circumstances supporting this conclusion. State prosecutors are absolutely immune from civil liability for acts taken in their official capacity that are closely associated with the judicial process, such as initiating prosecution and presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 427, 430-431 (1976); Milstein v. Cooley, 257 F.3d 1004, 1008 (9th Cir. 2001). The actions of the prosecutor referred to by Plaintiff in the complaint appear to be actions closely associated with the judicial process, such as presenting the state's case; Plaintiff does not state facts warranting a conclusion that the prosecutors named as defendants were acting outside their prosecutorial roles.

## II. Amendment of the Complaint

In summary, the Court finds it necessary to dismiss the complaint in its entirety. Plaintiff has failed to state a

---

[2] The complaint is not successively paginated; the reference is to an attachment with the number "31" at the bottom.

8

cognizable claim against the defendants based on the facts as alleged in the complaint. Plaintiff has already been given an opportunity to file an amended complaint, and Plaintiff's amended complaint suffers from the same defects noted in the Court's order that dismissed the initial complaint with leave to amend. The facts alleged in the amended complaint are essentially the same as those stated in the initial complaint. It does not appear that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. It is concluded that any further opportunity to amend would be futile.

III. Recommendation

Accordingly, it IS RECOMMENDED that

1. The complaint BE DISMISSED without leave to amend and with prejudice for failure to state a claim; and

2. The Clerk of Court BE DIRECTED to enter judgment for Defendant because the dismissal would terminate the action in its entirety.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served

by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 26, 2005**                    /s/ Sandra M. Snyder
icido3                                       UNITED STATES MAGISTRATE JUDGE